IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA WALKER, | ) | No.  08 C 6768 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | The Honorable William J. Hibbler |
| | ) | |
| v. | ) | |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Tonya Walker sued the Life Insurance Company of North America (LINA) seeking to recover long-term disability benefits under an ERISA-governed benefits plan.  LINA now moves to strike Walker's jury demand.  For the reasons set forth below, LINA's motion to strike is GRANTED.

### I.       Factual Background

The following facts are taken from Walker's complaint.  Walker's former employer established an employee welfare benefit plan.  Walker participated in the plan and received disability benefits for approximately 14 months.  Walker's benefits, however, were eventually terminated because LINA determined she no longer met the definition of disabled under the policy.  Walker claims she is still disabled, and thus, entitled to continue receiving long-term disability benefits.  Walker brings this suit under the Employee Retirement Income Security Act of 1974 (ERISA), specifically, 29 U.S.C.

1

§ 1132(a)(1)(B).[1] Walker has requested a trial by jury. LINA argues jury trials are unavailable in ERISA actions. The Court agrees.

## II.  Analysis

The Seventh Circuit has consistently held that a claim for benefits under an ERISA plan is an equitable claim, and thus, there is no right to a jury trial. *Wardle v. Cent. States, Southeast and Southwest Area Pension Fund*, 627 F.2d 820, 829 (7th Cir. 1980) cert denied, 449 U.S. 1112, 66 L. Ed. 2d 841, 101 S. Ct. 922 (1981); *Mathews v. Sears Pension Plan,* 144 F.3d 461, 468 (7th Cir. 1998) ("there is no right to a jury in an ERISA case—the reason being that ERISA's antecedents are equitable ...") (internal citations omitted); *Patton v. MFS/Sun Life Fin. Distribs.,* 480 F.3d 478, 484 (7th Cir. 2007) (noting that in ERISA cases, "the plaintiff has no right to a jury trial and unusually limited abilities to introduce evidence."); *McDougall v. Pioneer Ranch Ltd. P'ship*, 494 F.3d 571, 575-76 (7th Cir. 2007). Accordingly, this rule has been followed by the district courts. *See, e.g., Jetseck v. Prudential Ins. Co. of Am.*, No. 07-C3753, 2007 U.S. Dist. LEXIS 84438, at *3-6 (N.D. Ill. Nov. 15, 2007) (striking plaintiff's jury demand in an ERISA action because, "The Seventh Circuit has held that plaintiffs do not have a right to a jury trial where plaintiffs seek equitable relief under ERISA."); *Johnson v. Long Term Disability Plan*, No. 03-C6786, 2004 U.S. Dist. LEXIS 2383, at *5 (N.D. Ill. Feb. 18, 2004) ("The prevailing weight of authority has been to disallow juries in ERISA benefit claims characterizing such actions as equitable in nature. This court will follow the

---

[1]

29 U.S.C. § 1132(a)(1)(B) states, in relevant part that "A civil action may be brought by a
(1) by a participant or beneficiary--

....

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

prevailing weight of authority and strike the jury demand.") (internal citations omitted).
Nevertheless, Walker argues the Supreme Court's decision in *Great-West Life & Annuity Ins. Co. v. Knudson,* compels this Court to find she is entitled to a jury trial. 534 U.S. 204, 210, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002).

In *Great-West*, the Supreme Court considered an ERISA plan that required its beneficiaries to reimburse the plan if they recovered money from a third party. 534 U.S. at 641. The defendant—Janette Knudson—was injured in a car accident, and her medical expenses were covered by Great-West on behalf of her husband's health and welfare plan. *Id.* at 640-641. Knudson eventually sued the car company and recovered $650,000 in a settlement agreement. *Id.* at 711. Great-West then sued Knudson in order to compel her to pay a portion of her settlement money to the plan. *Id.* at 712.

The Supreme Court, however, determined that Great-West could not proceed under Section 502(a)(3) of ERISA. Driving the Court's analysis was the distinction between legal and equitable remedies. The Court explained that §502(a)(3) only allows *equitable* relief, and the relief sought by Great-West (an injunction to compel Knudson to make a payment to the plan) was *legal* relief:

> Because [Great-West is] seeking legal relief – the imposition of personal liability on [Knudson] for a contractual obligation to pay money – §502(a)(3) does not authorize this action

*Id.* at 719. Thus, the Supreme Court reiterated the principles that: (1) "money damages" are the "the classic form of legal relief"; and (2) courts must respect "Congress's choice to limit the relief available under §502(a)(3) to equitable remedies." *Id.* at 713, 716.

According to Walker, the "recent" *Great-West* case fundamentally altered the landscape of ERISA litigation. Specifically, Walker argues the Supreme Court's

3

classification of "money damages" as "legal relief" cast doubt on the validity of the Seventh Circuit's prior decisions denying jury trials in ERISA cases. The Court disagrees. First, *Great-West* was decided in 2002. To be sure, this is certainly not an old case, but Walker's attempts to cast *Great-West* as breaking news seem a bit hyperbolic. More than six years have passed since the decision in *Great-West*, yet there has been no dramatic shift in the Seventh Circuit's jurisprudence. In fact, the Seventh Circuit has continued to assert that jury trials are unavailable for ERISA plaintiffs. As recently as 2007, the Seventh Circuit stated:

> Normally, of course, we must remand for trial when we determine that summary judgment is inappropriate, but we have not always followed this general rule *in ERISA cases, where the plaintiff has no right to a jury trial* ...

*Patton v. MFS/Sun Life Fin. Distribs*, 480 F.3d at 484 (7th Cir. 2007) (emphasis added). In yet another 2007 case (*McDougall v. Pioneer Ranch Ltd. P'ship*) the Seventh Circuit noted: "The general rule in ERISA cases is that there is no right to a jury trial because ERISA's antecedents are equitable, not legal." 494 F.3d at 575-76. It seems to the Court that *Great-West* has not changed the general rule in this circuit regarding jury trials and ERISA plaintiffs. Indeed, *Great-West* never even mentioned the issue of jury trials. Walker believes the Seventh Circuit should re-examine its precedent in light of *Great-West*. This is an argument Walker will have to make to the Seventh Circuit. This Court has no authority to disregard decades of settled law. [2] *See, e.g., George v. Kraft Foods*

---

[2] In any event, the Court finds that Walker's claims are for *equitable* relief. Thus, even under the *Great-West* framework, Walker does not qualify for a jury trial. First, the plaintiff in *Great-West* was a plan fiduciary suing for what was essentially a breach of contract. By contrast, Walker is a plan beneficiary suing to correct the actions of a fiduciary. Indeed, Walker's prayer for relief seeks a judgment ordering "defendant to continue paying plaintiff benefits so long as she continues to meet the policy's terms and conditions." (Compl. Prayer for Relief Part C) Thus, Walker seeks: (1) a declaration that LINA erred in determining Walker's disability status; and (2) an injunction forcing LINA to continue paying disability benefits. Declaratory and injunctive relief are equitable remedies. *Cf., America's Money Line, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004) (noting that certain lawsuits suits seek "the *equitable remedies*

4

*Global, Inc.*, No. 07-C1713, 2008 U.S. Dist. LEXIS 22126, at *14 (N.D. Ill. March 20, 2008)("we are unwilling to presume that the Supreme Court in *Great-West* intended, *sub silentio,* to overturn the many appeals court decisions holding that there is no right to a jury trial under Section 502(a).").

### III.    Conclusion

Walker's brief is eloquent and well written. Indeed, the Court shares Walker's sentiments regarding the importance of the jury to our legal system. The Court, however, is duty-bound to follow existing Seventh Circuit precedent. LINA's motion to strike the jury demand is GRANTED.

IT IS SO ORDERED.

_____3/2/09_____
Dated

*Wm. J. Hibbler*
The Honorable William J. Hibbler
United States District Court

---

*of an injunction or a declaratory judgment* ...); *Whyte v. THinc Consulting Group International*, 659 F.2d 817, 819 n. 4 (stating "Whyte asked for a declaratory judgment and for an injunction ... *both equitable remedies*."). Walker's complaint is for equitable relief.